UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HAMILTON COUNTY EMERGENCY COMMUNICATIONS DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>BELLSOUTH TELECOMMUNICATIONS, LLC d/b/a AT&T TENNESSEE,<br><br>Defendants. | Civil Action No. 1:11-cv-00330<br>District Judge Curtis L. Collier |

## DEFENDANT BELLSOUTH TELECOMMUNICATIONS, LLC'S
## MOTION TO DISMISS

Defendant BellSouth Telecommunications, LLC d/b/a AT&T Tennessee ("AT&T"), pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Complaint filed by Plaintiff Hamilton County Emergency Communications District ("Plaintiff" or the "District") on the grounds that the Complaint fails to state any claim upon which Plaintiff is entitled to relief and further fails to plead with the particularity required by Rule 9(b). In support of this motion, AT&T shows the Court as follows:

1. Plaintiff's Count One for violation of the Tennessee False Claims Act ("TFCA") fails because the Complaint does not identify any false claim that AT&T used to reduce its obligation *to remit* 911 surcharges it collects pursuant to Tennessee's Emergency Communications District Law ("Act"). Rather, the Complaint improperly attempts to use the TFCA to enforce AT&T's purported obligations *to collect* 911 surcharges under the Act. Courts routinely hold that false claims acts are not enforcement devices for an underlying statute. In attempting to misuse the TFCA as an enforcement device, the Complaint fails to plead any actual violation of the TFCA itself. Even if the Complaint stated an actual violation of the TFCA (it

does not), dismissal would still be appropriate because the Complaint does not allege any content or specifics of any alleged false claim. Thus, the Complaint fails to meet even the bare bones requirements of Rule 9(b)'s heightened pleading standards and is subject to dismissal.

2. Plaintiff's Count Two for violation of the Act also fails as a matter of law because the Act does not provide Plaintiff with a right of action against AT&T. While the Act expressly provides Plaintiff with a right of action against *service users* who actually owe the 911 surcharges to the Plaintiff, it does not authorize Plaintiff to bring a claim against *service providers* such as AT&T who merely serve as a middleman to collect 911 Surcharges and remit them to emergency communications districts like Plaintiff.

3. Plaintiff's Count Three for declaratory judgment fails because there is no actual controversy to support a request for declaratory judgment. In March of this year, AT&T agreed to adopt Plaintiff's interpretation of the Act and has been collecting 911 surcharges in accordance with Plaintiff's interpretation since that time. Accordingly, Plaintiff's Count Three is moot and is subject to dismissal as a matter of law.

4. Similarly, Plaintiff's Count Four for injunctive fails because AT&T is already doing what Count Four seeks to affirmatively compel AT&T to do – namely, to collect 911 surcharges in accordance with Plaintiff's interpretation of the Act. The Complaint also fails to allege any recognized form of irreparable harm because it alleges only a potential monetary loss. Accordingly, Plaintiff's Count Four is subject to dismissal as a matter of law.

For the foregoing reasons and as more fully set out in AT&T accompanying Memorandum of Law, the Court should dismiss Plaintiffs' Complaint with prejudice.

**DATED** this the 8th day of December, 2011.

                                    Respectfully submitted,

                                    s/Robert G. Norred, Jr.
                                    Robert G. Norred, Jr.
                                    Tenn. BPR No. 012740
                                    Logan-Thompson P.C.
                                    Logan-Thompson, P.C. Attorneys at Law
                                    30 2nd Street NW
                                    Cleveland, TN 37311
                                    Telephone: (423) 303-1023
                                    Email: rnorred@loganthompson.com

                                    J. Henry Walker
                                    Georgia Bar No. 732254
                                    *(pro hac vice pending)*
                                    Michael J. Breslin
                                    Georgia Bar No. 142551
                                    *(pro hac vice pending)*
                                    Kilpatrick Townsend & Stockton
                                    1100 Peachtree Street
                                    Suite 2800
                                    Atlanta, Georgia 30309-4528
                                    (404) 815-6500
                                    Fax (404) 815-6555

*Attorneys for Defendant BellSouth Telecommunications, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2011, a true and correct copy of the foregoing **Defendant Bellsouth Telecommunications, LLC's Motion To Dismiss** has been filed with the U.S. District Court's CM/ECF System and that pursuant thereto, a copy of this pleading has been served upon the following persons by electronic mail:

>Frederick L. Hitchcock (rhitchcock@cbslawfirm.com)
>Thomas C. Greenholtz (tgreenholtz@cbslawfirm.com)
>Yousef A. Hamadeh (yhamadeh@cbslawfirm.com)
>Chambliss, Bahner & Stophel
>1000 Tallan Building
>Two Union Square
>Chattanooga, TN 37402

>By:   s/Robert G. Norred, Jr.
>      Robert G. Norred, Jr.
>
>*One of the Attorneys for Defendant*
>*BellSouth Telecommunications, LLC*