UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| HAMILTON COUNTY EMERGENCY COMMUNICATIONS DISTRICT, ET AL. | ) ) ) | CASE NOS. 1:11-cv-330; 1:12-cv-003; 1:12-cv-056; |
| Plaintiffs, | ) ) | 1:12-cv-131; 1:12-cv-138; 1:12-cv-139; 1:12-cv-149; |
| vs. | ) ) | 1:12-cv-166; 1:12-cv-176; 1:12-cv-186 |
| BELLSOUTH TELECOMMUNICATIONS, LLC, | ) ) ) | JURY DEMAND |
| Defendant. | ) ) | |

**DISTRICTS' MOTION RELATING TO DOCUMENTS SUBMITTED UNDER SEAL AND REQUEST TO ENTER EXHIBITS UPON PUBLIC DOCKET**

Plaintiff Hamilton County Emergency Communications District, on behalf of itself and the Emergency Communications Districts in the related cases, files this motion pursuant to the Protective Order entered in these cases (Court File No. 132) and Section 12.2 of the Standing Order on Electronic Case Filing Rules and Procedures.

As Exhibits to their Reply in Support of their Joint Motion for Partial Summary Judgment (filed May 5, 2014), the Districts have attached the following documents:

- **Exhibit 110** - Summary Analysis of 911 Surcharges Policies for Select Carriers;
- **Exhibit 112** - 911 True Up Procedures, Jan. 29, 2008;
- **Exhibit 114** - Jan. 29, 2002 email from Anne-Marie Darr to Bobby T. Thompson;
- **Exhibit 130** – User Requirements Package, Centrex Station Line Billings; and
- **Exhibit 134** - BellSouth Exemption Job Aid Identifying Billing 911 Charges to Federal Government.

BellSouth has designated each of these Exhibits as being "Confidential" under the May 23, 2013 Protective Order (Court File No. 132) (the "Protective Order"). Accordingly, pursuant

to the Protective Order, the Districts file this motion to allow BellSouth the opportunity to show why these exhibits should be withheld from the public record.

The Districts do not believe that this information meets the stringent requirements of Fed. R. Civ. P. 26(c) governing the sealing of documents. These Exhibits should not be sealed and should, instead, be made a part of the public record because the information contained in these Exhibits does not qualify for sealing under Rule 26 or the Sixth Circuit's decision in *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1179 (6th Cir. 1983). For example, the information does not contain trade secrets, and it does not affect any "privacy rights" of the Defendant, which is a party to this litigation.

Should the Court decide not to seal these Exhibits, the Districts request that the Court enter these Exhibits upon the public record and docket of this Court.

Respectfully submitted,

**CHAMBLISS, BAHNER & STOPHEL, P.C.**

By:  s/ Frederick L. Hitchcock
      Frederick L. Hitchcock, BPR No. 5960
      Tom Greenholtz, BPR No. 20105
      Yousef A. Hamadeh, BPR No. 25425
      John H. Lawrence, BPR No. 31376
605 Chestnut Street, Ste. 1700
Chattanooga, Tennessee 37450
Telephone: (423) 757-0222

*Special Counsel for the Plaintiff Tennessee Emergency Communications Districts*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of May, 2014, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access the filing through the Court's electronic filing system.

**CHAMBLISS, BAHNER & STOPHEL, P.C.**

By: s/ Frederick L. Hitchcock