UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HAMILTON COUNTY EMERGENCY COMMUNICATIONS DISTRICT, *et al.* | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| vs. | ) ) ) |
| BELLSOUTH TELECOMMUNICATIONS, LLC, d/b/a AT&T TENNESSEE | ) ) ) |
| *Defendant*. | ) ) |

Case Nos. 1:11-CV-330 (Lead Case); 1:12-CV-003; 1:12-CV-056; 1:12-CV-131; 1:12-CV-138; 1:12-CV-139; 1:12-CV-149; 1:12-CV-166; 1:12-CV-176; 1:12-CV-186

JURY DEMAND

### REPLY IN SUPPORT OF BELLSOUTH'S NOTICE OF OBJECTION TO PLAINTIFFS' VIOLATION OF THE PAGE LIMITATION AND FORMAT REQUIREMENTS OF THE LOCAL RULES

After refusing to consent to BellSouth's requests for a page-limit extension and submission of statements of material facts, Plaintiffs used a thinly-disguised statement of material facts and condensed line spacing to extend the length of their briefs.[1] Plaintiffs characterize BellSouth's objections to these manipulations as "unprecedented" considering the "serious issues" in this case. Pls.' Resp. at 1. The "serious issues," however, do not exempt Plaintiffs from the Local Rules. To the contrary, given Plaintiffs' "serious" allegations, it is especially important that the parties abide by the Court's rules and compete on a level playing field. Accordingly, Plaintiffs' efforts to circumvent the page-limit restraints imposed by this Court should not be permitted.

Regardless of how it is labeled, Exhibit 62 is a response to a statement of material facts. Although Plaintiffs describe Exhibit 62 as a "summary," it consists almost entirely of evidentiary

---

[1] In addition, Plaintiffs (1) filed long attorney declarations on issues that should have been addressed in their briefs, (2) cited to "collective Exhibits" of deposition testimony instead of including the individual citations in the brief, and (3) included substantive arguments and evidence in their Notices of Objections.

US2008 5623959 1

arguments that were not included in Plaintiffs' brief. In short, Plaintiffs used space outside of their brief to make arguments and respond to factual contentions BellSouth included within its brief.

BellSouth agrees that statements of material fact like Exhibit 62 "permit the Court to more easily review the cited information and to determine whether the citations support the Districts' arguments." Pls.' Resp. at 3. Citing those same benefits, BellSouth proposed that *both* parties submit statements of material facts.[2] Plaintiffs refused to consent to BellSouth's request, and the Court's Order denying BellSouth's request made clear that any statements of material fact "are of course still subject to the page-limit restraints (35 pages)." Order of Mar. 21, 2014 at 2. Plaintiffs should not be forgiven for their circumvention of the Court's ruling when they so vigorously resisted BellSouth's request for permission to file an oversized brief and a statement of materials facts.

Under the Eastern District of Tennessee Local Rules, briefs are required to be "double-spaced." E.D. Tenn. L.R. 5.1. Courts have rejected Plaintiffs' argument that double-spaced actually means "line spacing set at exactly 24 points."[3] And, remarkably, prior to filing their Motion for Partial Summary Judgment (but presumably after they began using Microsoft Word 2010), Plaintiffs had a different interpretation of the Local Rules and filed double-spaced briefs. *See e.g.,* Dkts. 244, 222, 215. BellSouth objects to Plaintiffs' recent briefs, which are not double-spaced and do not comply with the Local Rules.

---

[2] *See* BellSouth's Reply In Support of Mot. to Increase Page Limits [Dkt. 254] at 2 (arguing that statements of material facts would "aid the Court's ability to understand and weigh the lengthy and technical evidentiary record").

[3] In *Lopez v. The Gap, Inc.*, 1:11-cv-03185-PAE (S.D.N.Y. May 3, 2012) (endorsed letter at Dkt. 42), counsel for Mr. Lopez objected to the format of The Gap's briefs, which were spaced at exactly 24 points. The court found that exactly 24 point spacing was inconsistent with the Southern District of New York's Local Rules requiring that briefs be double-spaced. The Court permitted Mr. Lopez five additional pages of response briefing. *See* Chad Bray, *Get Out Your Rulers: Lawyers Spar Over Line Spacing*, WALL ST. J., May 3, 2012, http://blogs.wsj.com/law/2012/05/03/get-out-your-rulers-lawyers-spar-over-line-spacing/.

Accordingly, in light of Plaintiffs' violation of the Local Rules and this Court's Order, BellSouth respectfully requests that the Court not consider Exhibit 62; grant BellSouth additional space; and/or provide such other relief as the Court deems just and appropriate.

Respectfully submitted, May 15, 2014.

                  s/J. Henry Walker, IV\_\_
                  J. Henry Walker, IV (Georgia Bar No. 732254)
(admitted *pro hac vice*)
Michael J. Breslin (Georgia Bar No. 142551)
(admitted *pro hac vice*)
Cindy D. Hanson (Georgia Bar No. 323920)
(admitted *pro hac vice*)
Kilpatrick Townsend & Stockton
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: hwalker@kilpatricktownsend.com
      mbreslin@kilpatricktownsend.com
      chanson@kilpatricktownsend.com

*Counsel for Defendant BellSouth Telecommunications, LLC d/b/a AT&T Tennessee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing REPLY IN SUPPORT OF BELLSOUTH'S NOTICE OF OBJECTION TO PLAINTIFFS' VIOLATION OF THE PAGE LIMITATION AND FORMAT REQUIREMENTS OF THE LOCAL RULES has been served upon counsel of record on this day by electronic mail via the Court's CM/ECF system as follows:

>Frederick L. Hitchcock (rhitchcock@cbslawfirm.com)
>Thomas C. Greenholtz  (tgreenholtz@cbslawfirm.com)
>Yousef A. Hamadeh  (yhamadeh@cbslawfirm.com)
>Chambliss, Bahner & Stophel
>Liberty Tower
>605 Chestnut Street, Suite 1700
>Chattanooga, TN 37450
>
>Michael J. Mahn
>711 Signal Mountain Road, PMB 316
>Chattanooga, Tennessee 37405

DATED: May 15, 2014.

>By: s/J. Henry Walker, IV
>J. Henry Walker, IV
>
>*One of the Attorneys for Defendant*